Marvin A. Glazer (AZ Bar No. 5885)
       email: mglazer@cvglaw.com
CAHILL GLAZER PLC
2141 East Highland Ave., Suite 155
Phoenix, Arizona  85016
Ph. (602) 956-7000
Fax (602) 495-9475
Email: mglazer@cvglaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**HI-HEALTH SUPERMART CORPORATION**, an Arizona corporation,
                    **Plaintiff**,

vs.

**I-HEALTH, INC.**, a Delaware corporation,
                    **Defendant**.

)
)
)
)
)
)
)
)
)
)
)

CIV NO. _____

**COMPLAINT FOR TRADEMARK AND SERVICE MARK  INFRINGEMENT AND UNFAIR COMPETITION AND JURY DEMAND**

Plaintiff Hi-Health Supermart Corporation (hereinafter, "Plaintiff"), for its Complaint against Defendant i-Health, Inc. ("Defendant"), states and alleges the following:

1.      This is an action for service trademark infringement and unfair competition under Federal and Arizona state law, and for false designation of origin, false or misleading description or representation of facts, and unfair competition under the Federal Trademark Act (15 U.S.C. § 1051 et seq.).

2.      This court has jurisdiction over the subject matter of this civil action under 28 U.S.C. §1331 and 28 U.S.C. § 1338(a) and (b), and 15 U.S.C. §1121(a).  Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c)

3.      Plaintiff is an Arizona corporation based in Scottsdale, Arizona.

4.      Upon information and belief, Defendant is a Delaware corporation having principal offices in Cromwell, Connecticut.

-1-

5.      Plaintiff owns and operates 46 retail health food stores in the State of Arizona which market and sell a variety of health-related goods, including nutritional and dietary food supplements, under the service mark "hi-health".

6.      Plaintiff owns and operates an online retail health food/nutrition store at the web site www.hihealth.com which markets and sells health foods and nutritional supplements throughout the United States under the service mark "hi-health".

7.      Plaintiff was formed in 1972, and opened its first retail health food store in Sun City, Arizona in 1972 under its service mark "hi-health".

8.      Plaintiff has conducted retail telephone-order and retail mail-order services in the field of health foods and nutrition under its service mark "hi-health" since at least 1987.

9.      Plaintiff is the owner of U.S. Trademark Registration No. 1,197,635, registered on June 15, 1982, for the mark "hi-health, design" in Intl. Cl. 005 for "vitamins and food supplements", claiming first use of such mark in commerce for such goods in 1978; a true copy of U.S. Trademark Registration No. 1,197,635 is attached hereto as Exhibit A.  U.S. Trademark Registration No. 1,197,635 has incontestable status within the meaning of 15 U.S.C. §1065.

10.      Plaintiff is the owner of U.S. Service Mark Registration No. 1,212,787, registered on October 12, 1982, for the mark "hi-health, design" in Intl. Cl. 042 for "retail store services in the fields of vitamins, food supplements and cosmetics", claiming first use of such mark in commerce for such services in 1978; a true copy of U.S. Service Mark Registration No. 1,212,787 is attached hereto as Exhibit B.  U.S. Service Mark Registration No. 1,212,787 has incontestable status within the meaning of 15 U.S.C. §1065.

11.      Plaintiff has continuously used the mark "hi-health" in interstate commerce on nutritional and dietary food supplements, and in conjunction with retail store services in the fields of vitamins and food supplements, since at least 1978.

12.      At least as early as June 25, 1996, Plaintiff registered the Internet domain address "www.hihealth.com", and has continuously maintained a web site at such address advertising and promoting a wide variety of nutritional and dietary supplements under the

"hi-health" service mark.

13.     Plaintiff registered the Internet domain address "www.hi-health.com" on March 19, 1999.  When a user enters "www.hi-health.com" into his or her Internet browser, the user is re-directed to Plaintiff's home page, www.hihealth.com.

14.     Plaintiff offers a variety of nutritional and dietary supplements bearing its "hi-health" trademark.

15.     Attached Exhibit C is a photograph of a bottle of Plaintiff's "Premier Formula For Ocular Nutrition" bearing Plaintiff's trademark "hi-health".

16.     Attached Exhibit D is a photograph of a bottle of one of Plaintiff's multi-vitamin products bearing Plaintiff's trademark "hi-health".

17.     By reason of Plaintiff's extended and continuous use of its "hi-health" trademark and service mark to promote nutritional and dietary supplements, the public has come to recognize the "hi-health" mark as identifying goods and services originating with Plaintiff.

18.     As a result of By reason Plaintiff's extended and continuous use of its "hi-health" trademark and service mark to promote nutritional and dietary supplements, the "hi-health" mark has attained significant goodwill that is extremely valuable.

19.     Upon information and belief, Defendant registered the Internet domain name www.i-healthinc.com.

20.     Upon information and belief, Defendant owns and operates a web site at the Internet domain address www.i-healthinc.com (hereinafter, "the i-healthinc web site").

21.     Attached Exhibit E is a screen capture of the home page from the i-healthinc web site.  Four of the products offered by Defendant are shown in attached Exhibit E, including those sold as "Estroven", "AZO", "Culturelle", and "BrainStrong".

22.     Attached Exhibit F is a screen capture of the Our Brands web page from the i-healthinc web site.  In addition to the aforementioned "Estroven", "AZO", "Culturelle", and "BrainStrong" products, attached Exhibit F also includes products sold under the brands "i-cool", "i-Flex", and "Ovega-3".

23.       Packaging for at least Defendant's "AZO" products, "Culturelle" products, "Estroven" products, "BrainStrong" products, and "i-cool" products bears the legend "Distributed by i-Health, Inc.".

24.       At least Defendant's "AZO" products, "Culturelle" products, "Estroven" products, "BrainStrong" products, and "i-cool" products are currently available for purchase on the shelves of retail stores in Phoenix, Arizona, each bearing the legend "Distributed by i-Health, Inc.".

25.       Arizona-based retail stores operated by Plaintiff offer at least Defendant's "Culturelle" products and "Estroven" products on their store shelves.

26.       On information and belief, Defendant made no use of the designation "i-health" in conjunction with nutritional and dietary supplements prior to the year 2011.

27.       Defendant's designation "i-health" is confusingly similar in sound and appearance to Plaintiff's trademark and service mark "hi-health".

28.       Defendant's use of the designation "i-health" on its web site, and on its products, is likely to cause confusion to the public.

29.       Defendant's use of the  designation "i-health" on its web site, and on its products, is allowing Defendant to unfairly benefit from the goodwill associated with Plaintiff's trademark and service mark "hi-health".

30.       Plaintiff's nutritional and dietary supplements, and Defendant's nutritional and dietary supplements, are related goods.

31.       Plaintiff's nutritional and dietary supplements, and Defendant's nutritional and dietary supplements, are marketed through overlapping channels of trade to the same consumers.

32.       Defendant's use of the confusingly-similar designation "i-health" for nutritional and dietary supplements constitutes a false designation of origin, false and misleading descriptions of fact, and/or false or misleading representations of fact.

33.       Defendant's use of the confusingly-similar designation "i-health" for nutritional and dietary supplements is likely to cause confusion to the public, is likely to

cause mistake, and is likely to deceive and mislead the public as to an affiliation, connection, or association of Defendant's products with Plaintiff.

34.    Defendant's use of the confusingly-similar designation "i-health" to promote and advertise its nutritional and dietary supplements is an infringement of Plaintiff's rights under its U.S. Trademark Registration No. 1,197,635, and under its U.S. Service Mark Registration No. 1,212,787.

35.    By virtue of Defendant's activities complained of herein, Defendant has committed and is continuing to commit acts of false designation of origin, false descriptions, unfair competition, and trademark and service mark infringement, in violation of 15 U.S.C. §1125(a), and in violation of 15 U.S.C. §1114.

36.    On information and belief, Defendant has wrongfully benefitted from its acts of false designation of origin, false descriptions, unfair competition, and trademark and service mark infringement in violation of 15 U.S.C. § 1125(a), and in violation of 15 U.S.C. §1114.

37.    Defendant's acts of false designation of origin, false descriptions, unfair competition, and trademark and service mark infringement, in violation of 15 U.S.C. § 1125(a) and §1114, have caused and will continue to cause damage and irreparable harm to Plaintiff and are likely to continue unabated unless enjoined by this Court.  Plaintiff has no fully adequate remedy at law.

38.    Plaintiff's mark "hi-health" has been used by Plaintiff for such a long period of time, and has been promoted by Plaintiff so extensively in marketing and promotion, that it has become widely recognized by the general consuming public of the United States as a designation of source of the goods and services originating with Plaintiff.

39.    Plaintiff's "hi-health" mark is famous within the meaning of the Trademark Dilution Revision Act (TDRA), 15 U.S.C. §1125(c).

40.    Plaintiff's "hi-health" mark is distinctive of Plaintiff's goods and services.

41.    All use made by Defendant of the designation "i-health" was made after Plaintiff's "hi-health" mark had become famous.

42.    Usage of Defendant's designation "i-health" for nutritional and dietary food

supplements is likely to cause blurring or tarnishment of Plaintiff's "hi-health" mark.

43.    The above-alleged acts by Defendant further constitute common law trademark mark infringement and unfair competition under the established common law of the State of Arizona.

44.    On information and belief, Defendant has wrongfully benefitted from its acts of common law trademark infringement and unfair competition in violation of the common law of the State of Arizona.

45.    Defendant's acts of common law trademark infringement and unfair competition in violation of the common law of the State of Arizona have caused and will continue to cause damage and irreparable harm to Plaintiff and are likely to continue unabated unless enjoined by this Court.  Plaintiff has no fully adequate remedy at law.

46.    Defendant's use of "i-healthinc" within its Internet domain name in conjunction with the i-healthinc web site further constitutes an infringement upon Plaintiff's trademark and service mark rights; a false designation of origin; false and misleading descriptions of fact; and/or false or misleading representations of fact, within the meaning of 15 U.S.C. §1125(a).

**WHEREFORE**, Plaintiff requests:

(1)  That the Court preliminarily and permanently enjoin Defendant and its employees, officers, directors, affiliated companies, agents, representatives, successors, and assigns and all persons in active concert or participation with them, from:  (a) using Plaintiff's trademark, and service mark, "hi-health", the confusingly similar variation "i-health", and/or any colorable imitations thereof, in conjunction with the promotion, advertising, packaging or delivery of nutritional and dietary supplements; (b) using the Internet domain address "i-healthinc.com", and/or any colorable imitations of Plaintiff's mark "hi-health" and/or Plaintiff's Internet domain addresses "hihealth.com" and "hi-health.com"; and (c) otherwise unfairly competing with Plaintiff in the manner alleged herein.

(2)  That the Court order Defendant to pay to Plaintiff such damages sustained by

Plaintiff and to account for and pay to Plaintiff such profits realized by Defendant as the law allows: (a) in consequence of Defendant's acts of federal false designation of origin, false descriptions, unfair competition, and trademark/service mark infringement, and (b) in consequence of Defendant's acts of state trademark/service mark infringement and unfair competition.

(3) That the Court order that ownership of the registration of the Internet domain name i-healthinc.com be transferred to Plaintiff, and that Defendant execute and deliver all documents necessary to accomplish such transfer of ownership.

(4)     That the Court order Defendant to pay Plaintiffs their costs and expenses related to this action.

(5)     That the Court award such other and further relief as the Court deems appropriate.

**JURY TRIAL DEMAND**

Plaintiffs request a trial by jury on all issues so triable in accord with Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

___December 7, 2012_____     /s/Marvin A. Glazer
Date                          Marvin A. Glazer    email: mglazer@cvglaw.com
                              Cahill Glazer PLC
                              2141 East Highland Ave., Suite 155
                              Phoenix, Arizona  85016
                              (602) 956-7000 (Telephone)
                              (602) 956-4298 (Facsimile)
                              Attorneys for Plaintiff

## <u>CERTIFICATE OF ELECTRONIC FILING/SERVICE</u>

I HEREBY CERTIFY that on December 7, 2012, counsel for the Plaintiff electronically filed the foregoing COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION AND JURY DEMAND with the Clerk of the Court, along with attached Exhibits A, B, C, D, E, and F, by using the Court's CM/ECF system.

s/Marvin A. Glazer
Marvin A. Glazer (AZ Bar No. 005885)
