Kenneth M. Motolenich-Salas (AZ Bar No. 027499)
kmotolenich@weissiplaw.com
WEISS & MOY, P.C.
4204 N. Brown Avenue
Scottsdale, AZ 85251
Tel.: (480) 994-8888
Fax: (480) 947-2663
Attorney for Defendant i-Health, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Hi-Health Supermart Corp., | Case No. 2:12-cv-02615-GMS |
| Plaintiff/Counterclaim Defendant, | **DEFENDANT I-HEALTH, INC.'S ANSWER AND COUNTERCLAIMS** |
| v. | (Assigned to the Honorable G. Murray Snow) |
| i-Health, Inc., | |
| Defendant/Counterclaimant. | |

### <u>ANSWER</u>

Defendant/Counterclaimant i-Health, Inc. ("Defendant"), by and through undersigned counsel, in and for its Answer to Plaintiff/Counterclaim Defendant Hi-Health Supermart Corp.'s ("Plaintiff") Complaint (Doc. No. 1), state and allege as follows:

1.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

2.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

3.     Upon information and belief, admitted.

4.     Admitted.

1

5.      Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

6.      Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

7.      Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

8.      Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

9.      Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof, with the exceptions that U.S. Trademark Registration No. 1,197,635 should be cancelled pursuant to 15 U.S.C. § 1119 due to abandonment of the registered trademark and due to fraudulent maintenance of the registration.

10.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof, with the exceptions that U.S. Trademark Registration No. 1,197,635 should be cancelled pursuant to 15 U.S.C. § 1119 due to abandonment of the registered trademark and due to fraudulent maintenance of the registration.

11.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

12.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

13.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

14.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof.

15.     Defendant does not have sufficient information to either admit or deny these allegations and, therefore, denies same and leaves Plaintiff to its proof, with the

1   exception that "hi-health" is a business name and is not a trademark on the bottle;

2   instead, it appears that "Ocucel®" and "Premier Formula for Ocular Nutrition™" are

3   allegedly trademarks used on the bottle.

4       16.    Defendant does not have sufficient information to either admit or deny

5   these allegations and, therefore, denies same and leaves Plaintiff to its proof, with the

6   exception that "hi-health" is a business name and is not a trademark on the bottle;

7   instead, "ULTRA PLAN®" and a partially shown "mate-plus®" are allegedly

8   trademarks used on the bottle.

9       17.    Defendant does not have sufficient information to either admit or deny

10  these allegations and, therefore, denies same and leaves Plaintiff to its proof.

11      18.    Defendant does not have sufficient information to either admit or deny

12  these allegations and, therefore, denies same and leaves Plaintiff to its proof.

13      19.    Denied.

14      20.    Denied.

15      21.    Admitted, with the exception that the website is www.i-healthinc.com.

16      22.    Admitted, with the exception that the website is www.i-healthinc.com.

17      23.    Denied that there is any such "legend."  Instead, in very small print on the

18  back of the product packaging box is the business name "i-Health, Inc."

19      24.    Denied that there is any such "legend."  Instead, in very small print on the

20  back of the product packaging box is the business name "i-Health, Inc."  Admitted with

21  respect to the other statements.

22      25.    Defendant does not have sufficient information to either admit or deny

23  these allegations and, therefore, denies same and leaves Plaintiff to its proof.

24      26.    Admitted.

25      27.    Denied.

26      28.    Denied.

27      29.    Denied.

28      30.    Denied.

1    31.    Defendant does not have sufficient information to either admit or deny
2  these allegations and, therefore, denies same and leaves Plaintiff to its proof.

3    32.    Denied.

4    33.    Denied.

5    34.    Denied.

6    35.    Denied.

7    36.    Denied.

8    37.    Denied.

9    38.    Defendant does not have sufficient information to either admit or deny
10  these allegations and, therefore, denies same and leaves Plaintiff to its proof.

11    39.    Denied.

12    40.    Defendant does not have sufficient information to either admit or deny
13  these allegations and, therefore, denies same and leaves Plaintiff to its proof.

14    41.    Denied.

15    42.    Denied.

16    43.    Denied.

17    44.    Denied.

18    45.    Denied.

19    46.    Denied.

## GENERAL DENIAL

21    47.    Defendant denies each and every allegation of the Complaint that is not
22  specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

24    48.    Plaintiff's Complaint is defective and fails to state a claim against
25  Defendant upon which relief can be granted.

26    49.    Upon information and belief, Plaintiff's alleged trademarks are non-
27  existent or are limited in scope in view of Plaintiff's filings and assertions during
28  prosecution of its two U.S. applications for the Hi-Health and sun design trademarks of

4

1    U.S. Registration Nos. 1,197,635 and 1,212,787 and post registration filings for the

2    asserted registered trademarks and any other alleged trademarks.

3         50.    Upon information and belief, Plaintiff's alleged trademarks are non-

4    existent or are limited in scope because Plaintiff abandoned or has not used for an

5    extended period of time its asserted registered trademarks in the U.S. with the

6    goods/services identified in the registrations.

7         51.    Upon information and belief, Plaintiff's alleged trademarks are limited in

8    scope in view of the plethora of third party HEALTH trademarks, applications,

9    registrations, and activities.  There are over one thousand (1000) live US applications

10   and registrations in Class 5 (for healthy products) that contain the HEALTH term.

11        52.    Plaintiff's alleged trademarks have a different appearance, pronunciation,

12   connotation, and commercial impression than any i-Health term.

13        53.    Upon information and belief, there is no likelihood of confusion with

14   respect to any i-Health term for Class 5 goods in view of, inter alia, the limited scope of

15   Plaintiff's alleged trademarks, the plethora of third party HEALTH trademarks and

16   terms, the differences in the parties' trademarks and terms, the different goods of the

17   parties, the different manner of use of the parties' trademarks and terms, and the

18   sophistication of the different targeted customers of the parties.

19        54.    Upon information and belief, Defendant's targeted customers are

20   sophisticated people who are not likely to be confused between any i-Health term and

21   Plaintiff's alleged trademarks, and Plaintiff's targeted customers are sophisticated

22   people who are not likely to be confused.

23        55.    Upon information and belief, Defendant's goods are not impulsively

24   purchased by customers; instead, Defendant's goods are purchased by knowledgeable

25   people after a reasoned study.  As a result, a likelihood of confusion between any i-

26   Health term and Plaintiff's alleged trademarks is precluded.

27        56.    Upon information and belief, Plaintiff's claims are barred by laches,

28   estoppel, and/or acquiescence.  In this regard, Plaintiff never timely complained about

Defendant's use of its business name i-Health, Inc. or the website www.i-healthinc.com.

57. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, and any other defenses at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff/Counterclaim Defendant Hi-Health Supermart Corp. ("Plaintiff"), Defendant/Counterclaimant i-Health, Inc. ("Defendant") alleges as follows:

### Jurisdiction and Venue

1. These Counterclaims arise under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (commonly referred to as the Lanham Act). This Court has jurisdiction over the subject matter of the federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, as well as the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including but not limited to 15 U.S.C. § 1121, as amended.

2. As Plaintiff has accused Defendant of infringing United States Trademark Registrations bearing numbers 1,197,635 and 1,212,78, an actual case or controversy exists between the parties with respect to the alleged trademark rights under the these marks, the validity and enforceability of these marks, and alleged infringement of the these marks. Accordingly, this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202.

3. This Court has personal jurisdiction over Plaintiff by virtue of Plaintiff having submitted itself to the jurisdiction of the Court by filing the Complaint. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### Parties

4. Plaintiff is an Arizona corporation with a principal place of business in Scottsdale, Arizona.

5.     Defendant is a Delaware corporation having principal offices in Cromwell, Connecticut.

**Factual Allegations**

6.     Plaintiff has asserted U.S. Trademark Registration Nos. 1,197,635 and 1,212,787 in this proceeding (i.e., the two asserted registrations).

7.     Upon information and belief, Plaintiff has not filed the requisite specimens for the specifically identified goods and services in the two asserted registrations in order to properly renew the registrations, and, therefore, the registrations should be cancelled pursuant to 15 U.S.C. § 1119.

8.     Upon information and belief, Plaintiff was not using the two asserted registered trademarks in commerce in February 2012 (for the specifically identified goods and services in the two asserted registrations) when Plaintiff filed its documents at the United States Patent and Trademark Office ("USPTO") in February 2012, and, therefore, the registrations should be cancelled pursuant to 15 U.S.C. § 1119.

9.     Upon information and belief, Plaintiff was not using the two asserted registered trademarks in commerce in February 2012 and for at least three years before February 2012 (for the specifically identified goods and services in the two asserted registrations) when Plaintiff filed its documents at the USPTO in February 2012, and, therefore, the registrations should be cancelled pursuant to 15 U.S.C. § 1119.

10.     Upon information and belief, Plaintiff has not used in commerce the two asserted registered trademarks for the specifically identified goods and services in the two asserted registrations for at least three years prior to the 2012 filing of counterclaims for cancellation of the two asserted registrations (in the U.S. Trademark Trial and Appeal Board Proceeding No. 91207448) and therefore, the registrations should be cancelled pursuant to 15 U.S.C. § 1119.

11.     Upon information and belief, Plaintiff has fraudulently maintained the two asserted registrations by knowingly filing deficient documents and sworn statements at the USPTO in February 2012 when Plaintiff knew it was not using the

registered trademarks, and, therefore, the registrations should be cancelled pursuant to 15 U.S.C. § 1119.

12.     Upon information and belief, Plaintiff abandoned usage of the trademarks in the two asserted registrations for the specifically identified goods and services in the two registrations at least five years prior to the 2012 filing of counterclaims for cancellation of the two registrations (in the U.S. Trademark Trial and Appeal Board Proceeding No. 91207448) and therefore, the registrations should be cancelled pursuant to 15 U.S.C. § 1119.

13.     Upon information and belief, Plaintiff is knowingly asserting fraudulent trademark registrations against the Defendant.

14.     Upon information and belief, this is an exceptional case in view of, at least, Plaintiff's known assertion of fraudulent trademark registrations against Defendant.

15.     Upon information and belief, Defendant has been damaged and is being damaged by Plaintiff's assertions and actions in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim Plaintiff i-Health, Inc. ("Defendant") respectfully requests that:

      i.    Hi-Health Supermart Corp. ("Plaintiff") take nothing from Defendant by way of the Complaint and the Court dismiss the Complaint with prejudice;

      ii.    Judgment on the Complaint be entered in favor of Defendant and against Plaintiff;

      iii.    Cancellation, pursuant to 15 U.S.C. § 1119, of Plaintiff's federal trademark registration Nos. 1,197,635 and 1,212,787;

      iv.    Defendant be awarded its attorney's fees pursuant to 15 U.S.C. § 1117 and/or any other federal or state law to which it is entitled to compensation for reasonable attorney's fees;

v.      Defendant be awarded all of its costs and expenses incurred in this

action; and

vi.     Such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendant demands trial by jury on all issues related to its Counterclaims which are triable to a jury.

Dated this 11th day of February 2013.

Respectfully submitted,

WEISS & MOY, P.C

s/ Kenneth M. Motolenich-Salas
Kenneth M. Motolenich-Salas (AZ Bar No. 027499)
kmotolenich@weissiplaw.com
WEISS & MOY, P.C.
4204 N. Brown Avenue
Scottsdale, AZ 85251
Attorney for Defendant i-Health, Inc.

1

**<u>CERTIFICATE OF SERVICE</u>**

2       I hereby certify that on February 11, 2013, I electronically transmitted the

3 attached document to the Clerk's Office using the CM/ECF System for filing and

4 transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this

5 matter.

6

7

8 By: <u>s/ Kenneth Motolenich-Salas</u>

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28